IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM H. DEVARY, JR., on behalf of B.D., a minor child, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 17-1781-GMS |
| JESSICA NICOLE GREGG, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM**

### I. INTRODUCTION

The plaintiff, William H. DeVary, Jr. ("DeVary"), on behalf of B.D., a minor child, appears *pro se* and was granted permission to proceed *in forma pauperis*. (D.I. 4.) DeVary filed this lawsuit on December 11, 2017. (D.I. 2.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### II. BACKGROUND

DeVary is the father of B.D. He alleges that for four years the defendant, Jessica Gregg ("Gregg"), lied, controlled, and withheld B.D. from him and she forced B.D. to feel fatherless and lie to DeVary about where he was living. DeVary alleges he was slandered by Gregg who told others that he was dead, a beater, and a heroin user. He alleges there was no co-parenting by Gregg; no pictures, holidays or information about B.D.; and long times between communication and visits. DeVary alleges that Gregg moved B.D. to Pennsylvania and Maryland without his knowledge. He alleges that he was arrested and kept away by Gregg's lies. Gregg has indicated that she and B.D. are in counseling over DeVary.

1

DeVary alleges a permanent misdemeanor record, emotional abuse, emotional distress and depression, and slander perceived by others. The civil cover sheet describes the cause of action as endangering the welfare of a child, severe emotional abuse, and defamation of character. It also refers to related cases, #CS17-03076 and 17-35237. DeVary seeks $500 million in compensatory damages.

## III. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because DeVary proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant DeVary leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

## IV. DISCUSSION

Initially, the court notes that in the federal courts of the Third Circuit, parents cannot represent their children *pro se*. Indeed, it is well-established that the right to proceed *pro se* in federal court does not give non-lawyer parents the right to represent their children in proceedings before a federal court. *See J.R. v. Lehigh Cnty.*, 534 F. App'x 104, 108 (3d Cir. 2013) (unpublished); *but see Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007) (because parents enjoy rights under the IDEA, they are entitled to prosecute IDEA claims on their own behalf). It appears that DeVary intends to assert claims on behalf of his son. Although litigants can act as their own counsel under 28 U.S.C. § 1654, the statute does not authorize non-attorneys to represent the interests of others in the litigation, such as, a non-attorney parent representing a child. *See Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991).

Federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *See, e.g. Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'"). "Domestic relations is a field peculiarly suited to state regulation and control, and peculiarly unsuited to control by federal courts." *Magaziner v. Montemuro*, 468 F.2d 782, 787 (3d Cir. 1972). While not clear, DeVary seems to raise custody and visitation issues.

DeVary and Gregg are domiciled in different states. Even though they are domiciled in different states, the court lacks diversity jurisdiction over cases involving domestic relations. The domestic relations exception to federal jurisdiction prohibits federal courts from hearing

"cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). The bar on federal jurisdiction applies to ancillary matters. DeVary's civil cover sheet refers to related cases, both of which appear to be state cases. In addition, the court takes judicial notice that on December 4, 2017, Gregg filed a complaint petition for custody in the Circuit Court for Cecil County, Maryland, Family division against DeVary, *Gregg v. DeVary*, C-07-FM-17-001066, which remains pending. DeVary commenced this action just one week later.

## V. CONCLUSION

It is not clear if this court has jurisdiction over this matter. Also, DeVary may not represent B.D. Therefore, DeVary will be ordered to provide the court information about the cases referred to on the civil cover sheet as well as the petition for custody that was recently filed. Finally, if B.D., a minor child, is the real party in interest, he must be represented by counsel in this case.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

March 26, 2018
Wilmington, Delaware

5